IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRE MOUNTAIN RESTAURANTS, LLC d/b/a RYAN'S FAMILY STEAKHOUSE<br><br>Defendant. | CIVIL ACTION NO.   1:11 CV 275<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Viola Brown, who was adversely affected by the practices. The Commission alleges that Defendant, Fire Mountain Restaurants, LLC d/b/a Ryan's Family Steakhouse ("Defendant"), discriminated against Viola Brown because of her age, then age 79, when Defendant reduced her work hours, disciplined and suspended her, and terminated her employment. The Commission also alleges that Defendant terminated Ms. Brown in retaliation for her complaints about age discrimination. All of the claims are alleged in violation of the ADEA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a South Carolina corporation with supporting offices incorporated in South Carolina and Minnesota, and doing business in the State of North Carolina and the City of Asheville, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7. Ms. Brown worked as a server for Defendant from about February 5, 1998 until her termination on August 23, 2009. In April 2009, Defendant hired a new General Manager at its Asheville location on Patton Avenue where Ms. Brown was employed.

8. A few months after the new General Manager started at the Patton Avenue location, Defendant began reducing Ms. Brown's work hours. In July 2009 and August 2009, Defendant reduced Ms. Brown's work hours from an average of 24 hours per week to as low as 9 hours per week. When Ms. Brown asked the General Manager why her hours were reduced Ms. Brown was told that she needed to "pick up the pace." During this time period, a coworker told Ms. Brown that the General Manager referred to Ms. Brown as an "old woman" and stated Ms. Brown needed to retire. Defendant's actions of reducing Ms. Brown's hours were because of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

9. On or about August 16, 2009, Defendant disciplined and suspended Ms. Brown. During a meeting in which the General Manager suspended her, Ms. Brown told the General Manager that she knew the General Manager had called her an "old woman" and that the General Manager had stated that Ms. Brown needed to retire. Ms. Brown was suspended for three days. Defendant's actions of disciplining and suspending Ms. Brown were taken because of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

10. Ms. Brown returned to work on August 20, 2009 after the suspension. However, before she could start work, she had to meet with the General Manager who gave Ms. Brown some documents that were purportedly a "coaching" disciplinary form. The General Manager told Ms. Brown to sign the document or Ms. Brown could not return to work. Ms. Brown refused to sign the disciplinary document because she believed she had not done anything wrong or committed any policy violation. During this meeting, the General Manager told Ms. Brown

that Defendant wanted Ms. Brown fired.  Ms. Brown refused to the sign the document and the General Manager stated that Ms. Brown did not have a job with Defendant.  Ms. Brown left Defendant's restaurant. At the time of her termination, Ms. Brown was performing her job duties at a level that met her employer's legitimate expectations. Also, her termination occurred under circumstances that raise a reasonable inference of unlawful age discrimination, specifically Defendant's the General Manager referred to Ms. Brown as an "old woman" and commented that Ms. Brown needed to retire. Accordingly, Defendant terminated Ms. Brown's employment because of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

11. Defendant also engaged in unlawful employment practices in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d) when Defendant terminated Ms. Brown's employment in retaliation for her complaints about age discrimination.  Specifically, Ms. Brown engaged in protected activity under the ADEA when she opposed age discrimination.  On or about August 16, 2009, Ms. Brown complained to the General Manager that she knew the General Manager had made discriminatory ageist remarks about her.  Ms. Brown informed the General Manager that she had the telephone number for Defendant's Human Resources department and she was going to report the General Manager.  Ms. Brown contacted Defendant's Human Resources department on or about August 19 and August 20, 2009 and complained that the General Manager had discriminated against her because of her age.  On August 20, 2009, Defendant refused to allow Ms. Brown to return to work after it had suspended her on August 16, 2009. Instead, Defendant terminated Ms. Brown's employment on August 20, 2009.  Accordingly, Defendant terminated Ms. Brown's employment in retaliation for her opposition to age discrimination.

12. The effect of the practices complained of in paragraphs 7 through 11 above have been to deprive Ms. Brown of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

13. The unlawful employment practices complained of in paragraphs 7 through 11 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making employment decisions based on age, and from any other employment practices which discriminate against individuals 40 years of age and older on the basis of age.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Viola Brown whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make whole Viola Brown, who was adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement and/or front pay.

E. Order Defendant to make whole Viola Brown by providing her compensation for past and future pecuniary losses resulting from the unlawful retaliation described in paragraph 11 above, in an amount to be determined at trial.

F. Order Defendant to make whole Viola Brown by providing her compensation for past and future non-pecuniary losses resulting from the unlawful retaliation described in paragraph 11 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in an amount to be determined at trial.

G. Order Defendant to pay Viola Brown punitive damages for its malicious and reckless conduct from the unlawful retaliation described in paragraph 11 above, in an amount to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 19th day of October, 2011.

Respectfully submitted,

P. DAVID LOPEZ

6

Case 1:11-cv-00275-MR-DLH   Document 1   Filed 10/19/11   Page 6 of 7

General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney

/s/ Tina Burnside
TINA BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:  (704) 954-6463
Facsimile:  (704) 954-6412
Email:  tina.burnside@eeoc.gov

ATTORNEYS FOR PLAINTIFF