# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv275

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIRE MOUNTAIN RESTAURANTS, LLC, )<br>d/b/a RYAN'S FAMILY STEAKHOUSE, )<br>)<br>Defendant. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Default [Doc. 4] and the Defendant's Suggestion of Bankruptcy [Doc. 7].

## PROCEDURAL HISTORY

The Equal Employment Opportunity Commission (EEOC) initiated this action on October 19, 2011 pursuant to the Age Discrimination in Employment Act (ADEA) on behalf of Viola Brown (Brown). [Doc. 1]. Brown, who worked as a server in a restaurant operated by the Defendant, was allegedly discriminated against in her employment based on her age, then 79, by the reduction of her work hours, disciplinary action, suspension and termination.

[Id. at 1]. The EEOC seeks injunctive relief, an award of back wages, liquidated damages, reinstatement, and compensatory and punitive damages. [Id. at 5-6].

On January 9, 2012, the EEOC moved for entry of default because the Defendant, although served, had not filed Answer or other response. [Doc. 4]. On January 26, 2012, the Defendant filed three pleadings: (1) a Response in Opposition to Plaintiff's Motion for Entry of Default [Doc. 5]; (2) an Answer [Doc. 6]; and (3) a pleading captioned Suggestion of Bankruptcy [Doc. 7]. The EEOC has filed responsive pleadings. [Doc. 8; Doc. 9].

## DISCUSSION

The Court first addresses the issue of whether the Defendant's pending bankruptcy proceeding has operated to stay this action. The Defendant has filed proof that on January 18, 2012, it filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code. [Doc. 7-1]. That filing, it argues, automatically caused this action to be stayed pursuant to 11 U.S.C. §362 during the pendency of the bankruptcy proceeding. [Doc. 7]. In response, the EEOC asserts that the automatic stay does not apply to this case. [Doc. 9].

Section 362(a) of the Bankruptcy Code provides that the filing of a

2

voluntary petition in bankruptcy operates as a stay of the continuation of an action against the debtor that was commenced prior to the bankruptcy filing to recover a claim against the debtor that arose prior to that filing. 11 U.S.C. §362(a)(1). The statute does not, however, operate as a stay of an action brought by a governmental unit pursuant to its police or regulatory powers. 11 U.S.C. §362(a)(b)(4). The position of the United States Court of Appeals for the Fourth Circuit on this issue has been well established for some time.

> [W]hen EEOC sues to enjoin violations of ... ADEA and seeks reinstatement of the victims of alleged discrimination and adoption of an affirmative action plan in [such a] case, and couples these prayers for relief with a claim for back pay, EEOC is suing in exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment.

EEOC v. McLean Trucking Co., 834 F.2d 398, 402 (4th Cir. 1987).

> The difficulty in applying this exception [to the automatic stay] comes in distinguishing between situations in which the [EEOC] acts pursuant to its police and regulatory power and situations in which [it] acts merely to protect its status as a creditor. To make the distinction, [courts] look to the purpose of the law that the [EEOC] is attempting to enforce. If the purpose of the law is to promote public safety and welfare, or to effectuate public policy, then the exception applies. On the other hand, if the purpose of the law relates to the protection of the government's pecuniary interest in the debtor's property, then the exception is inapplicable.

Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 865 (4th Cir. 2001) (internal quotations and citations omitted).

3

Fourth Circuit precedent thus clearly establishes that the EEOC's action for injunctive relief and back pay fall within the exception recognized by McLean. In this case, the EEOC has also asserted claims for liquidated, compensatory and punitive damages. Despite those claims, the EEOC's primary purpose in bringing the lawsuit is to advance and protect public welfare. EEOC v. CTI Global Solutions, Inc., 422 B.R. 49, 52-3 (D.Md. 2010). The fact that there is a secondary, pecuniary interest does not take the case outside the exception unless and until the EEOC were to attempt to enforce, as opposed to seeking entry of, any judgment obtained. Id.; S.E.C. v. Brennan, 230 F.3d 65, 71 (2nd Cir. 2000) (anything beyond mere entry of a money judgment is prohibited). Likewise, the fact that the Debtor/Defendant will be forced to incur the expense of litigation does not take the case outside the exception. Safety-Kleen, 274 F.3d at 865-66. Indeed, the Defendant did not file any response to the EEOC's position that it is subject to an exception to the automatic stay. [Doc. 10]. The Court concludes that this case is subject to the exception to the automatic stay provisions of §362 unless and until the EEOC undertakes to enforce any judgment obtained.

The Court will, therefore, consider the EEOC's Motion for Entry of Default which remains pending.

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed.R.Civ.P. 55(a). In this case, the Clerk of Court has not yet entered default.

The Defendant does not dispute that it failed to file a *timely* answer. [Doc. 5]. It did, however, file an answer. [Doc. 6]. Mark DeLoach (DeLoach) is the in-house counsel for the Defendant. [Doc. 5-1]. He has filed an affidavit in which he states that upon request by Plaintiff's counsel, he waived service but sought and obtained an extension of time within which to file Answer or other response until January 3, 2012. [Id. at 2-3]. On December 28, 2011, DeLoach sustained an injury to his leg which caused him to "immediately beg[i]n a medically-necessary leave of absence[.]" [Id. at 3]. He also stated that during the same time period, the Defendant and its parent company were undergoing a reorganization process which resulted in the filing of bankruptcy on January 18, 2012. [Id.]. Although the EEOC's motion for entry of default was filed on January 9, 2012, DeLoach states that he did not receive the motion until January 16, 2012. [Id.]. DeLoach filed a response to the motion on January 26, 2012, the deadline imposed for such response. [Id.; Doc. 4 (Docket Entry showing response date of 1-26-12)]. On that same date,

5

DeLoach filed an Answer to the Complaint. [Doc. 5-1].

> When deciding whether to set aside entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.
>
> [The Fourth Circuit has] repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. This imperative arises in myriad procedural contexts, but its primacy is never doubted.

Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

Considering the allegations of the Answer, the Defendant has acknowledged that it did in fact reduce Brown's work hours; however, this was done due to poor performance. [Doc. 6 at 3]. It also admits that Brown's supervisor did advise her to "pick up the pace," a comment which could have been directed toward poor performance or the result of discriminatory animus. [Id.]. On August 20, 2009, Brown was sent home for the day due to unprofessional conduct towards other employees as well as customers of the restaurant. [Id.]. This conduct occurred after Brown had been earlier counseled on August 16, 2009 by her General Manger concerning her behavior. [Id.]. After being sent home, Brown failed to report for work for the

6

next two days without notification to the Defendant. [Id.]. In the Answer, the Defendant asserted affirmative defenses, including its claim that Brown was administratively terminated because she failed to show up for work for two consecutive shifts and engaged in disruptive conduct towards other employees and guests, both of which it claims are legitimate, non-discriminatory business reasons for its action. [Id. at 5; Doc. 5 at 5]. The Defendant also cited its policy of prohibiting discrimination and its prompt investigation of an earlier complaint made by Brown to its Human Resources Department. [Doc. 6 at 5-6].

In order to establish a meritorious defense, the defaulting party must make "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The Defendant has alleged that Brown was "administratively separated" because she failed to come to work for two consecutive shifts, thus, she abandoned her job. It has also alleged that Brown engaged in unprofessional and disruptive conduct not only toward fellow employees but also toward restaurant customers. These reasons, if believed by a jury, would permit a finding in favor of the Defendant. Shank v. Baltimore City Bd. of School Com'rs, 2012 WL 352660 **3 (D.Md. 2012) (plain

7

jealousy without a racial motive could be inferred as the reason for plaintiff's termination); Adams v. Object Innovation, Inc., 2011 WL 7042224 **9 (E.D.Va. 2011) (the standard to show a meritorious defense is not high, merely requiring some possibility of result in favor of defendant at trial). The Court therefore finds that the Defendant has shown, for purposes of the motion for default, a meritorious defense.

The Defendant also argues that its response to the motion for entry of default was reasonably prompt. In fact, the response to the motion was timely, even though the Answer was not. The EEOC has not addressed this factor in its Reply Brief. [Doc. 8]. Instead, it merely noted that although the Defendant claims that it acted with reasonable promptness, "this does not absolve Defendant of its responsibility to file an Answer or otherwise notify this court of its need for an extension to file its Answer." [Id. at 5].

The Answer was due on January 3, 2012. In fact, the January 3, 2012, deadline was set by the Plaintiff's agreement, not this Court's order. [Doc. 4 at 1 n.1]. Six days earlier, DeLoach had taken a leave of absence due to a medical emergency. Moradi, 673 F.2d at 727 ("[w]hether a party has taken reasonably prompt action, of course, must be gauged in light of the facts and circumstances of each occasion"). While the EEOC argues that DeLoach

8

should have insured this matter was covered by another in-house attorney, the reality of life is that sometimes medical emergencies of counsel prohibit the implementation of such measures. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) ("justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings") (internal quotation and citation omitted); Moradi, 673 F.2d 725 (default as the result of counsel's hospitalization not held against client).

Moreover, although the EEOC moved for entry of default on January 9, 2012, DeLoach has stated that he did not receive notice of that motion until January 16, 2012. Solis v. Hickman, 2012 WL 263461 **2 (M.D.N.C. 2012) (party who filed answer seven days after learning of default promptly demonstrated desire to participate). Since the Defendant had not yet appeared in the action, it did not automatically receive notice of the motion through the electronic filing system of the Court. Indeed, the Certificate of Service attached to the EEOC's motion contains the following certification by EEOC counsel, Tina Burnside:

> I hereby certify that on this date, I electronically filed the above Motion for Entry of Default with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record at the email addresses listed below, and that I

9

have mailed the document to the following non CM/ECF participants by First Class U.S. Mail at the addresses last known to me:

[Doc. 4 at 3].

The listed addressees include DeLoach with a South Carolina address and another in-house attorney with a Minnesota address. [Id.]. EEOC counsel failed to include any email address for either defense attorney. [Id.]. As a result of that omission, the Clerk of Court could not notify defense counsel of the filing via email. Thus, counsel did not learn of the motion until it was received in the mail on January 16, 2012. It therefore appears that at least part of the delay was caused by the omission of EEOC counsel. Lolatchy, 816 F.2d at 952 ("Indeed, if fault must be laid off with respect to [one incident of delay], it must be to the plaintiff."). Moreover, this reflects that Plaintiff's counsel did not inquire of Defendant's counsel regarding the Answer when their agreed deadline was missed. Plaintiff's counsel does not offer a reason for this. Suffice it to say that part of the blame for any delay lies with Plaintiff's counsel.

On January 18, 2012, the Defendant filed bankruptcy. Despite the possibility that such bankruptcy would halt the litigation, DeLoach responded to the motion for entry of default on the date noted by the Clerk of Court,

10

Case 1:11-cv-00275-MR-DLH   Document 11   Filed 04/25/12   Page 10 of 18

exactly ten days after learning of the motion. Colleton, 616 F.3d at 418 (acting within nine days of learning of the issue was reasonably prompt); South Carolina National Bank v. Baker, 941 F.2d 1207 (4th Cir. 1991) (twelve days constituted reasonable promptness). On that same date, he filed both an Answer and notification of the bankruptcy proceeding. Colleton, 616 F.3d at 418; Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4th Cir. 1967) (defendant failed to file answer and did not move to set aside default until over two months after entry). Under the circumstances here presented, the Defendant acted with reasonable promptness.

The EEOC claims that because DeLoach was in-house counsel of the Defendant, and therefore an employee, the Defendant is personally responsible for the default. Plaintiff has not, however, cited any case law that supports that position.[1] In Carbon Fuel Co. v. USX Corp., 153 F.3d 719 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit affirmed the district court's denial of a motion to set aside entry of default. The Court

---

[1] The two cases cited, F.D.I.C. v. Danzig, 10 F.3d 806 (4th Cir. 1993) and Lewitzke v. West Motor Freight, 2006 WL 2345986 (D.S.C. 2006), are factually inapposite. Both cases deal with default caused by an employee, not in-house counsel. The latter case, moreover, dealt with a motion to set aside default judgment to which a higher standard of review is applied. Colleton, 616 F.3d at 420.

11

noted the candor of the attorney for the defaulting party, who acted as in-house counsel, but found that the Defendant's argument that the complaint was so ambiguous that it led to counsel's failure to recognize the distinction between an affirmative defense and a counterclaim did not demonstrate good cause for his failure to respond thereto. The Court did not hold that the Defendant should be held personally responsible for the default. Indeed, its holding related to the defense argument that the complaint was so ambiguous as to lead counsel to believe that no response was required.

Here, the Defendant was entitled to rely on DeLoach as its in-house counsel to handle the case and thus, any neglect of DeLoach should not be attributed to the Defendant. Futurewei Technologies, Inc. v. E. Olive Capital Group, LLC, 2011 WL 5025146 (E.D.Tex. 2011) (defendant's reliance on in-house counsel sufficient to show good cause to set aside default based on such counsel's neglect); accord, Sac Acquisition LLC v. Elite Products, 2008 WL 2329170 (D.Utah 2008); Finishing Touch Stain & Lacquer, LLC v. Tru-Logistics, Inc., 2007 WL 1704805 (D.S.C. 2007).

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and [entry of] default ... should ordinarily be set aside.

12

Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988). Moreover, the delay in this case did not result from bad faith on the part of the Defendant but merely from counsel's difficulties stemming from personal health issues. United States v. One 2007 Mercedes Benz CLS 550, 2012 WL 1072252 (D.Md. 2012). Therefore, under Augusta Fiberglass it is clear that counsels failure should not be attributed to the Defendant.

EEOC next complains, albeit minimally, that it has been prejudiced by the Defendant's delay. It states that "[a]lthough this case is in the early stages of litigation, Defendant's delay *may* make it difficult to present some evidence particularly with the pending bankruptcy filing[.]" [Doc. 8 at 5 (emphasis provided)]. It also argues that discovery *may* be hampered because employees may no longer be employed; documents *may* have been lost; and any settlement could be difficult to collect due to the bankruptcy proceeding.

> To determine if the non-defaulting party was prejudiced, courts examine whether the delay [caused by the default]: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud. The first two factors are given the most weight, and delay and inconvenience alone are insufficient to cause prejudice.

13

Vick v. Wong, 263 F.R.D. 325, 330 (E.D.Va. 2009) (internal quotations and citations omitted).

In broadly asserting that the delay *may* make it difficult to present "some evidence," the EEOC has not identified what evidence might be involved or what the difficulty might be. This falls far short of showing that it is "impossible" for the Plaintiff to present some necessary evidence. The EEOC has not stated that the delay will make it more difficult to proceed with trial; indeed, it has admitted that the case is its early stages. These first two factors are given the most weight and the EEOC has failed to show either. Vick, 263 F.R.D. at 330.

Although the EEOC has broadly proclaimed that discovery *may* be impacted because employees of the Defendant may no longer be employed, the same could happen during the course of any litigation whether or not there was a brief delay at it inception.[2] Likewise, any settlement could be impacted by the filing of bankruptcy by the Defendant at any point during the litigation, regardless of default. The EEOC does not allege that the Defendant has acted fraudulently or collusively. Delay and inconvenience alone are not sufficient to show prejudice. Colleton, 616 F.3d at 418; Vick, 263 F.R.D. at

---

[2] In fact, the Plaintiff's prosecution of its motion has caused more of a delay in this case than has the tardiness of the Defendant's Answer.

14

330. The EEOC has therefore failed to show it has been prejudiced by the delay.

Plaintiff does claim, however, that DeLoach has acted in a dilatory manner, not in the manner of addressing the default, but in failing to return the Waiver of Service and failing to respond to requests for settlement. [Doc. 8 at 6-7]. It is not alleged that counsel for the Defendant failed completely to return the waiver; instead, it is alleged that counsel timely returned it but only after a phone call from EEOC counsel prior to the deadline. [Id.]. This does not show a history of dilatory conduct.[3]  Carbon Fuel, 153 F.3d at **5 n.3 (noting that the defendant received five extensions of time only to file an untimely response).; Solis, 2012 WL 263461 **4 (the only dilatory conduct was in regard to the default itself; thus, no history thereof); Adams, 2011 WL 7042224 (only dilatory conduct could have been the default but defendant immediately filed answer upon learning thereof).  Moreover, the Defendant should not be held responsible where the dilatory conduct was on the part of its attorney.  Pinpoint IT Services, LLC v. Atlas IT Export Corp., 812 F.Supp.2d 710, 727 (E.D.Va. 2011).

---

[3] It also shows that Plaintiff's counsel had the ability to contact DeLoach by telephone. As to why counsel failed to do so to inquire about the Answer is not explained.

It should be noted that Defendant is not moving to set aside an entry of default. It is the Plaintiff that is *seeking* an entry of default, even though the Defendant has now answered. Plaintiff fails to grasp this fundamental distinction in its Reply Brief [Doc. 8] filed after Defendant's Answer. With regard to this motion, the burden remains on the Plaintiff to show it is entitled to relief. In order to obtain such relief, however, it is required to show that the Defendant "has failed to plead or otherwise defend." Fed R. Civ. P. Rule 55(a). This the Plaintiff cannot do because the Defendant has now filed an answer; it has not failed to plead. In persisting in its arguments on this point, Plaintiff shows a misunderstanding of the nature of a motion under Rule 55(a). "The 'entry of default' is merely the placement of a notation of the party's default on the clerk's record of the case." Moore's Fed. Practice §55.10[1] (citing Dow Chem. Pac. v. Rascator Mar. S.A., 782 F.2d 329, 335 (2d Cir. 1986); United States v. Hansen, 795 F.2d 35, 37 (7th Cir. 1986); Patray v. Northwest Publ., 931 F. Supp. 865, 869 (S.D.Ga.1996)). In other words, by its motion Plaintiff seeks a ministerial entry in the record of this case that Defendant has "failed to plead or otherwise defend." Id.; Fed. R. Civ. P. Rule 55(a). Such entry would cut off the Defendant's opportunity to answer, and thereafter could serve as the basis for the entry of a judgment pursuant to

16

Rule 55(b). Defendant, however, has now pleaded. Hence, Plaintiff cannot make the requisite showing to obtain the entry of default. The standard Plaintiff argues for setting aside an entry of default is completely inapplicable.

In a case such as this one, the better practice would have been for Plaintiff's counsel to contact the attorney for the Defendant with whom she has been dealing when the deadline was missed. After all, the attorneys had already communicated to agree on the extension. Plaintiff's counsel then would have learned of Defendant's counsel's health issues and resolved this matter without having to involve the Court.

In light of the very good reason why Defendant's counsel missed the deadline, the fact that counsel's failure is not attributable to the Defendant, the prompt manner in which the Defendant rectified the problem, the fact that it did so within the time the Court set for responding to Plaintiff's motion, and in light of the fact that Plaintiff's counsel did nothing to inquire of Defendant's counsel regarding the status of the delinquent answer, the Court will, in its discretion, deny the motion for entry of default.

The United States Court of Appeals for the Fourth Circuit has long espoused "the sound public policy of deciding cases on their merits." Herbert v. Saffell, 877 F.2d 267, 269 (4th Cir. 1989). The EEOC's motion for entry of

17

default is therefore denied. Indeed, the filing of the motion itself has unnecessarily delayed and complicated this action. It has also required the expenditure of judicial resources which would have been better used toward moving the litigation forward.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Suggestion of Bankruptcy [Doc. 7] does not result in a stay of this action pursuant to 11 U.S.C. §362 unless and until a judgment is entered and thereafter sought to be enforced.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Entry of Default [Doc. 4] is hereby **DENIED**.

Signed: April 24, 2012

Martin Reidinger
United States District Judge