IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, NC

NOV 06 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) FIRE MOUNTAIN RESTAURANTS, LLC d/b/a RYAN'S FAMILY STEAKHOUSE, ) ) ) ) ) ) Defendant. ) | CIVIL ACTION NO. 1:11 CV 275 |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission")

instituted this action pursuant to Section 7(b) of the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which

incorporates by reference

Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as

amended, 29 U.S.C. §§ 216(c) and 217. The Commission's Complaint alleged that

Defendant, Fire Mountain Restaurants, LLC d/b/a Ryan's Family Steakhouse

("Defendant") discriminated against Viola Brown because of her age, then age 79,

when Defendant reduced her work hours, disciplined and suspended her, and

terminated her employment. Further, the Commission alleged that Defendant

1

terminated Ms. Brown in retaliation for her complaints about age discrimination. Defendant denies any wrongdoing.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve this matter without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action (2) the purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of age within the meaning of the ADEA.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADEA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute. Further, Defendant

2

shall not make employment decisions based on a person's protected status under the ADEA.

3. Buffets Restaurants Holdings, Inc. Litigation Trust (the "Litigation Trust") shall pay Viola Brown the sum of Five Thousand Dollars and No Cents ($5,000.00) in settlement and satisfaction of the claims raised in this action, and which are the subject of the proof of claim (the "Claim") dated March 26, 2012 filed by the Commission against the Defendant in the Defendant's Chapter 11 proceeding under the Bankruptcy Code. The Litigation Trust shall issue a check payable to Viola Brown. Payment shall be made within fifteen (15) business days after the Court enters and approves this Consent Decree and the Litigation Trust shall mail the check to Ms. Brown at an address provided by the Commission. Within fifteen (15) days after the check has been sent, the Litigation Trust shall email a copy of the check and proof of its delivery to Ms. Brown to EEOC-CTDO-decree-monitoring@eeoc.gov. Thereafter, without further action or order of any court, the Claim shall be treated for all purposes as satisfied.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Viola Brown any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2009-03571, and the related events that occurred thereafter, including this litigation. Within

3

fifteen (15) days of this entry of this Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.      Defendant shall provide a letter of good services to Viola Brown. A copy of this letter is attached as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter shall be provided to Viola Brown at the address provided for her by the Commission.

6.      Defendant has in place an anti-discrimination policy, identified as "Equal Opportunity Employer" and "Non-Retaliation," that it shall maintain throughout the term of this Decree. A copy of the policy is attached hereto as Exhibit B. Further, Defendant shall redistribute a copy of this anti-discrimination policy within thirty (30) days following entry of this Decree to each current employee in all facilities owned by Fire Mountain Restaurants, LLC operating in the same organizational "area" as the facility in which Viola Brown worked. Specifically, this includes the following facilities hereinafter referred to as the "Affected Facilities:"

> Ryan's #2408
> 374 Walmart Plaza
> Sylva, NC
>
> Ryan's #2420
> 115 Ryans Drive
> Forest City, NC
>
> Ryan's #0050
> 101 Verdae Blvd

4

Greenville, SC

Ryan's #2103
204 HWY 28 Bypass
Anderson, SC

Ryan's #2107
151 Dorman Center Drive
Spartanburg, SC

Ryan's
1501 W. Poinsett
Greer, SC

Within forty-five (45) days of the entry of this Decree, Defendant shall report

compliance with this paragraph to the Commission. During the term of this Decree,

Defendant also shall distribute the policy to all new employees hired at the

Affected Facilities after the entry of this Decree and review it with them at the time

of hire.

7.       During the term of this decree, Defendant shall post a copy of the

policy, described in paragraph 6 above, in all Affected Facilities in a place where it

is visible to employees. If the posted policy becomes defaced or unreadable,

Defendant shall replace it by posting another copy of the policy. Within five (5)

days after the Consent Decree is entered, Defendant will post the policy and notify

the Commission that it has been posted.

8.       Defendant shall provide two training programs to all of its managers,

supervisors and employees in the Affected Facilities. The training program shall

include an explanation of the requirements of the ADEA and its prohibition against discrimination and retaliation in the workplace. The training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after the Court enters this Decree, and shall cover every employee employed in the Affected Facilities at the time of the training. The second training shall be completed twelve (12) months following the date on which the first training is completed. At least fifteen (15) days before each training program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken, the date of the training, and a roster of all employees in attendance.

9.      Beginning within thirty (30) days after entry of this Decree by the Court, and continuing for the duration of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked as Exhibit C, in a place where it is visible to all employees at the Affected Facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the

Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) months intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information from the prior reporting period with respect to the Affected Facilities:

Termination:

A. the identities of all individuals who were terminated at any time during the reporting period, including by way of identification each individual's full name, age, social security number, date of termination, position held, last known address, and last known phone number;

B. a brief description of the reason for the individual's

termination;

Age Discrimination:

A. the identities of all individuals who, during the reporting period, made any complaints about age discrimination, including by way of identification each individual's full name, age, social security number, position held, last known address, and last known phone number;

B. a brief description of the individual's complaint, the date of the complaint, and the identify of the management representative to whom the complaint was made; and

7

C.     a brief outline of the investigation undertaken in response to the complaint, including what action, if any, was taken in response to the complaint.

Retaliation:

A.     the identities of all individuals who have opposed any practice made unlawful under the ADEA, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, and position. For each individual identified, include a brief description of whether the individual was subjected to an Adverse Employment Action, which for the purposes of this Order is defined as: termination, firing, demotion, reduction in pay rate, or status change to part-time from full-time; and

B.     for each individual whose was subjected to an Adverse Employment Action, include a detailed statement explaining the basis for the action.

In the event there is no activity to report pursuant to this paragraph,

Defendant shall send the Commission a "negative" report indicating no activity.

11.     The Commission may review compliance with this Decree. As part of such review, the Commission may enter and inspect the Affected Facilities, interview employees, and examine and copy relevant documents.

12.     If at anytime during the term of this Decree the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a

8

period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.     The term of this Decree shall be for two (2) years from the date of its entry by the Court.

14.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent as follows: (1) if by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov, or (2) if by regular mail to "Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202."

15.     Each party shall bear its own costs and attorney's fees.

16.     This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

IT IS SO ORDERED.

11/6/2012
_____
Date

_____
United States District Court Judge

The parties jointly request that the Court approve and enter the Consent Decree:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/   Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

s/Tina Burnside
Tina Burnside
WI Bar No. 1026965
*Attorney for Plaintiff*
Supervisory Trial Attorney
Equal Employment Opportunity
Commission
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6463
Fax:       (704) 954-6412
E-mail:    tina.burnside@eeoc.gov

s/ Jenette A. Barrow-Bosshart
Jenette A. Barrow-Bosshart
*Counsel for Buffets Restaurants Holdings, Inc.*
*Litigation Trust*
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10169
Telephone:  (212) 905-3603
E-mail:  JBarrow@oshr.com

s/ H. Bernard Tisdale III
H. Bernard Tisdale III
 N.C. Bar No. 23980
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile:  704.342.4379
E-mail: bernard.tisdale@odnss.com

[Fire Mountain Restaurants, LLC – Letterhead]

Mrs. Viola Brown,

This letter is to recognize your more than 10 years of service with Fire Mountain Restaurants, LLC at the Ryan's Family Steakhouse in Asheville, NC.

As a waitress, you provided your customers with kind, courteous and efficient service. Your dedication to your job at Ryan's was appreciated and respected by your co-workers and management.

We wish you much success in your future endeavors.

Sincerely,


_____
Ryan's Family Steakhouse Manager

# HUMAN RESOURCES POLICY: HR-105

| Policy Name: Non-Retaliation |
| --- |

Effective Dates: *1/1/07; 1111/04*                                                    Replaced:

Elimination Date:

**DEFINITION:**

Company:     Buffets, Inc., HomeTown Buffet, Inc., OCB Restaurant Company, LLC,
             OCB Purchasing Co., Buffets Leasing Company, LLC, Ryan's Restaurant
             Group, Inc., HomeTown Leasing Company, LLC, OCB Leasing Company,
             LLC, Big R Procurement Company, LLC, Ryan's Restaurant Leasing
             Company, LLC, Fire Mountain Restaurants, LLC, Ryan's Restaurant
             Management Group, LLC, Fire Mountain Leasing Company, LLC and/or
             Fire Mountain Management Group, LLC

**POLICY:**

Retaliation is an action that has the purpose or the effect of interfering with the
recipient's work performance or creating an intimidating, hostile, or offensive work
environment. Retaliation against any employee whether it is verbal, physical,
employment related, or otherwise implied, is specifically prohibited.

It is our policy to maintain a workplace free of any form of retaliation from any employee,
including supervisors. Any form of retaliation is unacceptable behavior and is subject to
appropriate disciplinary action up to and including termination. The Company will take
no adverse action against any employee, because that employee has, in good faith,
brought issues of concern forward or has contributed to and/or participated in an
investigation into concerns.

If you believe in good faith that there has been a violation of this policy, you are
encouraged to report the perceived violation as soon as possible to any manager in
your restaurant, Area Director, Employee Relations Representative, any manager or
officer of the Company. You may contact an Employee Relations Representative
through the Employee Appeals Communication Hotline (E.A.C.H.) at 1-888-254-5475,
Ext. 2591. The Company will investigate all allegations promptly, objectively and as
confidentially as possible. Disciplinary action, including discharge, if appropriate, will be
taken where it is determined that retaliation occurred.

This policy/procedure supersedes all previous policies/procedures of the same or similar subject and can be changed at any time without notice.
Page 1 of 1

# HUMAN RESOURCES POLICY: HR-100

| Policy Name: Equal Opportunity Employer |
|---|

Effective Dates: *1/1/07; 11/1/04; 1/22/10*                    Replaced:

                                                                Elimination Date:

## DEFINITION:

*Company:*   Buffets, Inc., HomeTown Buffet, Inc., OCB Restaurant Company, LLC, OCB Purchasing Co., Buffets Leasing Company, LLC, Ryan's Restaurant Group, Inc., HomeTown Leasing Company, LLC, OCB Leasing Company, LLC, Big R Procurement Company, LLC, Ryan's Restaurant Leasing Company, LLC, Fire Mountain Restaurants, LLC, Ryan's Restaurant Management Group, LLC, Fire Mountain Leasing Company, LLC and/or Fire Mountain Management Group, LLC

*Employment related decisions:* All decisions regarding or affecting employment including but not limited to, recruitment, hiring/placing, transfers, promotions, demotions, staff reductions, training and development, compensation, recognition, benefits, termination and all other privileges terms and conditions of employment.

## POLICY:

The Company is committed to providing equal employment opportunity to all employees and applicants for employment. The Company complies with all applicable local, state and federal anti-discrimination laws in all employment related decisions. Employment related decisions will not discriminate against an individual on the basis of any legally protected classification such as race, color, creed, religion, national origin, gender, sexual orientation, disability, age, genetic information, marital or family status, covered veteran status or status with regard to public assistance.

A diverse work force, which includes a broad range of experience and perspective, is valued at all levels of the organization. The Company is committed to utilizing the full advantage of the rich backgrounds and abilities of all of its employees and expects that employees will treat each other, guests and visitors with dignity and respect.

EXHIBIT C

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | CIVIL ACTION NO. 1:11 CV 275 |
|---|---|---|

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,   )   CIVIL ACTION NO. 1:11 CV 275
)
)
   Plaintiff,   )
)
   v.   )
)
FIRE MOUTAIN RESTAURANTS, LLC d/b/a   )
RYAN'S FAMILY STEAKHOUSE,   )
)
   Defendant.   )

# EMPLOYEE NOTICE

1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Fire Mountain Restaurants, LLC d/b/a Ryan's Family Steakhouse ("Defendant"), in a case of discrimination based on age. Specifically, the EEOC alleged that Fire Mountain Restaurants, LLC d/b/a Ryan's Family Steakhouse discriminated against Viola Brown because of her age, then age 79, when Defendant reduced her work hours, disciplined and suspended her, and terminated her employment. Further, the Commission alleged that Defendant terminated Ms. Brown in retaliation for her complaints about age discrimination. As part of the settlement, Defendant agreed to make a monetary payment and to take other actions set out in the Consent Decree resolving this matter.

2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.    Fire Mountain Restaurants, LLC d/b/a Ryan's Family Steakhouse will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: 2014.